UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

JAN OLARNICK-GETTIS

     Plaintiff,
v.

AMERICAN AIRLINES, INC.; and
AMERICAN AIRLINES GROUP, INC.,

     Defendants.
_____/

## COMPLAINT

Plaintiff, Jan Olarnick-Gettis, sues American Airlines, Inc. and American Airlines Group, Inc., and in support thereof, states as follows:

### PARTIES, JURSIDICTION, VENUE,
### AND GENERAL ALLEGATIONS RELEVANT TO ALL COUNTS

1. This is an action for damages in excess of seventy-five thousand dollars arising out of injuries sustained by Ms. Gettis while traveling as a passenger onboard an international American Airlines flight to Spain.

2. At all times material, Ms. Gettis was and is an American citizen, domiciled in Florida.

3. At all times material, American Airlines, Inc. ("AA") was and is a Delaware corporation with its headquarters and principal address located at 4200 Amon Carter Blvd, Fort Worth, Texas. AA's registered agent in Florida is CT Corporation System, located at 1200 S. Pine Island Road, Plantation, Florida 33324.

1

4. At all times material, American Airlines Group, Inc. ("AAGI") was and is a Delaware corporation and parent corporation for AA. AAGI's headquarters and principal place of business located in Fort Worth, Texas.

5. Jurisdiction is proper in United States District Courts pursuant to 28 U.S.C. §1331(a) in that this is a civil action which arises under the law and treaties of the United States, namely the *Convention for the Unification of Certain Rules Relating to International Transportation by Air,* concluded at Montreal, Canada, May 28, 1999 ("Montreal Convention"). (*See* Exhibit 1: Montreal Convention Full Text).

6. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

7. Defendants conduct extensive and not isolated business in Miami, Florida through the operation of their airline. Among other business activities, Defendants conduct hundreds if not thousands of daily flights in and out of Miami International Airport. Defendants further maintain offices and employees in Miami, Florida. Defendants operate a "cornerstone hub" here in Miami, Florida which serves as a cornerstone for the American Airlines network.

8. AA is the holder of a Federal Aviation Administration issued Air Carrier Certificate under 14 C.F.R. § 121 and is engaged in both domestic and international scheduled transportation of passengers.

9. In addition or the alternative, upon information and belief, AAGI is the holder of a Federal Aviation Administration issued Air Carrier Certificate under 14 C.F.R. § 121 and is engaged in both domestic and international scheduled transportation of passengers.

10. On June 27, 2018, Ms. Gettis was a fare paying passenger pursuant to contract of carriage on American Airlines Flight No. 112 on a flight departing from Miami, Florida bound for Barcelona, Spain ("the subject flight").

11. At all times material Defendants together or individually owned, operated and/or were the entities in control of the subject flight.

12. At all times material AA and/or AAGI were in control of their agents including all personnel present on the subject flight.

13. On June 27, 2018, Ms. Gettis momentarily visited her family in a different row of the aircraft to speak to members of her traveling party. As Ms. Gettis was returning to her seat, she tripped on the arm of a stowaway tv located in the aisle seat armrest. When working properly the arm and tv can be stowed, clearing the path in the row to the aisle. However, the stowaway tv arm was in disrepair and therefore did not completely stow away. The tv blocked or obstructed a clear exit to the aisle. This caused Ms. Gettis to fall and suffer bodily injury including a broken finger.

## COUNT I
## AGAINST AMERICAN AIRLINES, INC.
## UNDER ARTICLE 17 MONTREAL CONVENTION

14. At the time of the incident described above there was in force and effect in the United States a certain multilateral treaty relating to the rules governing international carriage by air known as the Montreal Convention. Both the United States and Spain are state parties to the Montreal Convention.

15. At the time of the incident and subsequent injuries, Ms. Gettis was engaged in international carriage as defined in Article 1(2) of the Montreal Convention and the same is applicable to this action pursuant to Article 1(1) of the Montreal Convention.

16. Pursuant to Article 17.1 of the Montreal Convention, the carrier is strictly liable for all damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking. In the instant case, Ms. Gettis was aboard the aircraft.

17. The Montreal Convention further provides that for a passenger's damages up to 128,821 Special Drawing Rights ("SDR")[1], the carrier cannot exclude or limit its liability. Montreal Conv., Art. 21.1. (*See* Exhibit 2: Revised Limits of Liability Under the Montreal Convention).

18. In order to limit its liability for damages exceeding 128,821 SDR, the carrier has the burden of proof to show that: 1) the damages were not due to its negligence, wrongful act or omission, or the negligence, wrongful act or omission of its servants and agents, or, 2) such damage was solely due to the negligence or other wrongful act of omission of a third party. Montreal Conv., Art.21.2.

19. Plaintiff's trip and fall on the broken stowaway tv is an unexpected and unusual occurrence and constitutes an accident under Article 17 of the Montreal Convention. As a result, Ms. Gettis suffered bodily injuries.

20. AA is strictly liable for Plaintiff's damages up to 128,821 SDR and the carrier "shall not be able to exclude or limit its liability." Montreal Conv., Art. 21.1.

21. AA is also strictly liable for Plaintiff's full, fair and just damages, without the monetary limitation in Article 21.1., as AA is unable to prove that Plaintiff's damages were not: 1) due to its own (or its agents and servants) negligence, wrongful act or omission, or 2) solely due to the negligence or other wrongful act of omission of a third party. Montreal Conv., Art. 21.2 (placing burden of proof on the carrier).

22. Ms. Gettis incurred serious bodily injuries, including a broken finger, physical pain and suffering, anguish, fright and shock, embarrassment, humiliation and mortification, annoyance, discomfort, loss of the enjoyment of life in the past and in the future.

---

[1] An SDR is a unique monetary unit that acts in the capacity of a reserve instrument. It is promulgated and controlled by the International Monetary Fund and composed of a basket of currencies. At the time of filing of this complaint, 1 SDR = 1.38 U.S. Dollars.

WHEREFORE, Plaintiff, Jan Olarnick-Gettis, demands judgment against American Airlines, Inc. for compensatory damages and any and all damages to which she is entitled under applicable law.

**COUNT II**
**AGAINST AMERICAN AIRLINES GROUP, INC.**
**UNDER ARTICLE 17 MONTREAL CONVENTION**

23. At the time of the incident described above there was in force and effect in the United States a certain multilateral treaty relating to the rules governing international carriage by air known as the Montreal Convention. Both the United States and Spain are state parties to the Montreal Convention.

24. At the time of the incident and subsequent injuries, Ms. Gettis was engaged in international carriage as defined in Article 1(2) of the Montreal Convention and the same is applicable to this action pursuant to Article 1(1) of the Montreal Convention.

25. Pursuant to Article 17.1 of the Montreal Convention, the carrier is strictly liable for all damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking. In the instant case, Ms. Gettis was aboard the aircraft.

26. The Montreal Convention further provides that for a passenger's damages up to 128,821 Special Drawing Rights ("SDR")[2], the carrier cannot exclude or limit its liability. Montreal Conv., Art. 21.1.

27. In order to limit its liability for damages exceeding 128,821 SDR, the carrier has the burden of proof to show that: 1) the damages were not due to its negligence, wrongful act or omission, or

---

[2] An SDR is a unique monetary unit that acts in the capacity of a reserve instrument. It is promulgated and controlled by the International Monetary Fund and composed of a basket of currencies. At the time of filing of this complaint, 1 SDR = 1.38 U.S. Dollars.

the negligence, wrongful act or omission of its servants and agents, or, 2) such damage was solely due to the negligence or other wrongful act of omission of a third party. Montreal Conv., Art.21.2.

28. Plaintiff's trip and fall on the broken stowaway tv is an unexpected and unusual occurrence and constitutes an accident under Article 17 of the Montreal Convention. As a result, Ms. Gettis suffered bodily injuries.

29. AAGI is strictly liable for Plaintiff's damages up to 128,821 SDR and the carrier "shall not be able to exclude or limit its liability." Montreal Conv., Art. 21.1.

30. AAGI is also strictly liable for Plaintiff's full, fair and just damages, without the monetary limitation in Article 21.1., as AAGI is unable to prove that Plaintiff's damages were not: 1) due to its own (or its agents and servants) negligence, wrongful act or omission, or 2) solely due to the negligence or other wrongful act of omission of a third party. Montreal Conv., Art. 21.2 (placing burden of proof on the carrier).

31. Ms. Gettis incurred serious bodily injuries, including a broken finger, physical pain and suffering, anguish, fright and shock, embarrassment, humiliation and mortification, annoyance, discomfort, loss of the enjoyment of life in the past and in the future.

WHEREFORE, Plaintiff, Jan Olarnick-Gettis, demands judgment against American Airlines, Inc. for compensatory damages and any and all damages to which she is entitled under applicable law.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial.

Dated: June 23, 2020

[SIGNATURE ON FOLLOWING PAGE]

Respectfully submitted,

THE LAW OFFICES OF ROBERT L. PARKS, P.L.
Counsel for Plaintiff
799 Brickell Plaza, Suite 900
Miami, Florida 33131
Tel: (305) 445-4430; Fax: (305) 445-4431

By:/s/ Robert L. Parks_____
    ROBERT L. PARKS
    Florida Bar No. 61436
    bob@rlplegal.com
    ana@rlplegal.com
    gary@rlplegal.com
    GABRIEL GARAY
    Florida Bar No. 103303
    gabe@rlplegal.com